UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Iver A. Iverson, Jr. and
Carol D. Iverson,

      Debtors

Chapter 13
Case No. 11-20880

# FIRST AMENDED CHAPTER 13 PLAN

The debtors or debtor (hereinafter "debtor") proposes the following plan. The debtor submits the following income and/or property to the trustee as is necessary for the execution of the plan.

1. **Plan Payments**.
   a. Commencing within 30 days of the filing date, the debtor will make 1 plan payment of $1,550.00 then $158.00 per month for 59 months.
   b. The applicable commitment period is 5 years.
   c. In addition, the debtor will pay the following: 60% of net commissions.
   d. Total amount to be paid by debtor to the trustee is at least $34,374.00.
   e. The debtor will contribute all tax refunds (combined federal and state) in excess of $1,200 per year, per debtor.

2. **Administrative Claims**. Administrative expenses and claims, as allowed, shall be paid in full from the funds paid by the debtor to the trustee as follows:
   a. Trustee's fee not to exceed 10%: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $3,437.00
   b. Attorney's fee to be paid through plan: . . . . . . . . . . . . . . . . . . . . $1,500.00
   c. Administrative reserve: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2,500.00
   d. Other (describe): . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $0.00

3. **Secured Claims**. Claims secured by property of the estate shall be paid as follows:

   a. <u>Pre-Confirmation Adequate Protection Payments</u>. No later than 30 days from the date of filing, the debtor shall make pre-confirmation adequate protection payments to the trustee for the benefit of the following creditors. The trustee shall disburse pre-confirmation adequate protection payments upon confirmation, or as otherwise provided by rule. A proof of claim must be filed for payment to issue. Pending confirmation, creditor(s) shall have an administrative lien on such payments, which shall be honored, subject to trustee's fees, in the event of dismissal prior to confirmation.

| Creditor | Collateral | Details |
|---|---|---|
| Five Star Bank | 2007 Cadillac CTS | Payments shall be made in accordance with the payment schedule to creditor in paragraph f below. |

   b. <u>Secured Claims not in Arrears</u>. The following secured claims not in arrears shall be paid directly by the debtor pursuant to the existing contract(s) between the debtor and the creditor(s). The lien securing each claim shall not be impaired and the underlying claim shall not be discharged.

| Creditor | Collateral | Periodic Payment and Amount | Next Payment Due Date |
|---|---|---|---|
| US Bank | Personal residence | $1,549.00 | July 1, 2011 |

c. <u>Secured Claims in Arrears</u>. Current payments on secured claims in arrears (which arrearage is to be cured in ¶ (d), below) shall be made by the trustee during the term of the plan from the funds paid by the debtor as follows. Payment amounts will be adjusted pursuant to the existing contract(s) between the debtor and each creditor. Payments made by the trustee pursuant to this paragraph constitute full compliance with the existing contract between the debtor and each creditor. A proof of claim must be filed for payment to issue.

| Creditor | Collateral | Periodic Payment and Amount | Next Payment Due Date |
|---|---|---|---|
| None | | | |

<u>Secured Claims in Arrears</u>. Current payments on secured claims in arrears (which arrearage is to be cured in ¶ (d), below) shall be made by the debtor directly to the creditor as follows.

| Creditor | Collateral | Periodic Payment and Amount | Next Payment Due Date |
|---|---|---|---|
| None | | | |

d. <u>Arrearages on Secured Claims</u>. Arrearages on secured claims to cure defaults shall be paid from the funds paid by the debtor to the trustee as follows. A proof of claim must be filed for payment to issue. *The amount of the arrearage claim shall be determined after the allowance of claims and the estimated amount herein shall not be binding on said creditor.*

| Creditor | Collateral | Principal (approximate) | Interest Rate | 1st / Last Payment |
|---|---|---|---|---|
| None | | | | |

e. <u>910 Claims</u>. Claims as to which §506 valuation is <u>not</u> applicable consist of claims secured by a purchase money security interest in a vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days prior to the bankruptcy filing or, if the collateral is any other thing of value, the debt was incurred within one year prior to filing. The claim amount plus allowed interest shall be paid as follows from the funds paid by the debtor to the trustee. A proof of claim must be filed for payment to issue. *The amount of the claim shall be determined after the allowance of claims and the estimated amount herein shall not be binding on said creditor.*

| Creditor | Collateral | Principal (approximate) | Interest Rate | 1st / Last Payment (Anticipated) |
|---|---|---|---|---|
| None | | | | |

f. <u>Non-910 Claims</u>. Claims as to which § 506 valuation is applicable consist of secured claims other than as described in ¶¶ (a) through (e), above. The following secured claims shall be paid in full or to the extent of value. A proof of claim must be filed for payment to issue. Confirmation of the plan is a judicial determination of value as set forth below. Any undersecured portion of the claim shall be treated as unsecured. *The amount of the claim shall be determined after the allowance of claims and the estimated amount herein shall not be binding on said creditor.*

| Creditor | Collateral | Principal (approximate) | Interest Rate | 1st / Last Payment (Anticipated) |
|---|---|---|---|---|
| Five Star Bank | 2007 Cadillac CTS | $12,049.00 | 6.80% | 2/11 |

g. <u>Collateral to be Surrendered</u>. The debtor will surrender the following collateral within 30 days unless otherwise set forth. Any claim filed by a secured creditor with respect to such collateral will be treated as unsecured. The debtor consents to relief from stay with respect to such collateral; the debtor's consent does not affect the interests of the trustee or any co-debtor.

| Creditor | Collateral | Collateral Will Be Surrendered on or Before |
|---|---|---|
| None | | |

4. **Executory Contracts and Leases**.

   a. <u>Assumption and Rejection</u>. Any executory contract or lease not assumed is rejected by confirmation of the plan. The following executory contracts and leases are assumed and will be paid directly by the debtor according to the terms of the agreement between the debtor and the creditor.

| Creditor / Lessor / Other Party to Contract or Lease | Description |
|---|---|
| None | |

   b. <u>Cure of Defaults</u>. Monetary defaults on any executory contract or lease assumed by the debtor will be cured by the trustee from funds submitted by the debtor as follows. Payment will be made coincident with payments to secured creditors.

| Creditor / Lessor | Property Leased | Total Amount of Default | Monthly Payment |
|---|---|---|---|
| None | | | |

5. **Priority Claims**. Claims entitled to priority under 11 U.S.C. §507(a) shall be paid from the funds paid by the debtor to the trustee as follows. A proof of claim must be filed for payment to issue.

a. <u>Domestic Support Obligations</u>.

   i. [X]  The debtor has no domestic support obligations;
      or
      [ ]  The debtor shall pay all post-petition domestic support obligations directly to the holder of each claim.

   ii. Unless otherwise provided, the following pre-petition domestic support obligations shall be paid in full after secured claims are paid.

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

b. <u>Other Priority Claims</u>. Other priority claims shall be paid in full as follows. *The amount of the claim shall be determined after the allowance of claims and the estimated amount herein shall not be binding on said creditor.*

| Creditor | Description of Claim | Amount of Claim (approximate) |
|---|---|---|
| None | | |

6. **Interim Distribution.** Interim distribution may be made pursuant to court order to provide adequate protection and/or payment to undisputed and timely filed priority and secured claims.

7. **Chapter 7 Liquidation Test (11 U.S.C. §1325(a)(4)).** If this case were liquidated under Chapter 7 rather than reorganized under Chapter 13, the trustee would be entitled to sell, collect or recoup certain assets for the benefit of creditors. The liquidation amount which would be available for unsecured creditors, net of valid secured claims and exemptions is **$13,810.00**. The debtor certifies that at least this cash amount will be paid to the trustee for the benefit of unsecured creditors in this case.

8. **General Unsecured Claims.** Unsecured (and undersecured) creditors' claims are listed on the debtor's schedules in the approximate amount of $149,075.00. From the funds submitted by the debtor, the trustee will pay a pro rata share of at least $13,810.00 after all other claims have been paid. A creditor must file a proof of claim by the bar date to be entitled to payment. The Court will issue an order after the bar date determining the actual dividend.

9. **Special Provisions**. The following other special provisions of the plan appear on the attached schedules as indicated.
   [X]  No other special provisions
   [ ]  Schedule I – Co-debtor matters (11 U.S.C. §§1301 & 1322(b)(1))
   [ ]  Schedule II – Lien avoidance (11 U.S.C. §522)
   [ ]  Schedule III – Sale of property (11 U.S.C. §363)
   [ ]  Schedule IV – Injunctive Relief (11 U.S.C. §2002(c)(3) and Fed.R.Bankr.P. 7001(7))
   [ ]  Schedule V – Other

10. **Property of the Estate**. Property of the estate not paid over to the trustee shall remain in the possession of the debtor. All property of the estate, whether in the possession of the debtor or the trustee, remains property of the estate subject to the Court's jurisdiction notwithstanding 11 U.S.C. Sec. 1327(b).

11. **Reconciliation**. The foregoing plan is feasible as set forth in the following reconciliation.

| **Total Payments from Debtors to Trustee** | **$34,374.00** |
|---|---:|
| Distributions to be made through Trustee pursuant to Plan | |
| 1. Trustee's Fees | $3,437.00 |
| 2. Debtors' Attorney's Fees allowed | $1,500.00 |
| 3. Administrative Reserve | $2,500.00 |
| 4. Other Administrative Claims | $0.00 |
| 5. Secured Claims, including interest (arrears and other) | $13,065.00 |
| 6. Cure of Executory Contracts and Leases | $0.00 |
| 7. Priority Claims | $0.00 |
| 8. General Unsecured Claims - Class One | $13,810.00 |
| 9. General Unsecured Claims - Small Claims | $0.00 |
| 10. General Unsecured Claims - Other Classes | $0.00 |
| **Total Distributions to be Made Through Trustee** | **$34,312.00** |

Dated: 9/1/11         /s/ Iver A. Iverson, Jr.
                      Iver A. Iverson, Jr.

Dated: 9/1/11         /s/ Carol D. Iverson
                      Carol D. Iverson

Dated: 9/1/11         /s/ Barry Evan Schklair
                      Barry Evan Schklair, Esq.
                      Attorney for Debtors
                      85 Exchange Street, 4th Floor
                      Portland, ME 04101
                      (207) 773-7500